# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                            No. CR 03-0164 MCA

RICHARD RIVERA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Relief from a Breach of Plea Agreement (Doc. 50) filed on December 9, 2011. In the motion Defendant contends that Plaintiff has breached the plea agreement (Doc. 29) in this proceeding. Defendant alleges that "by express agreement of the parties, Defendant was to be sentenced concurrently with [his] existing . . . sentence." He goes on to assert that "it was Defendant's reasonable understanding that he would receive concurrent credit for all [pre-trial] incarceration time." He asks the Court to enter an amended judgment, reflecting credit against his sentence for pre-trial confinement.

Defendant was charged in this case while he was on supervised release in his earlier case, *United States v. Rivera*, No. CR 96-192 BB. After he entered his plea agreement in this case, the two cases were consolidated for disposition and sentencing (Doc. 43). Sentencing proceedings were held simultaneously in the two cases on December 4, 2003. The Clerk's sentencing minutes and the judgments in both cases indicate that Defendant's sentences were ordered to run concurrently.

The relief that Defendant seeks is not available. First, the plea agreement (Doc. 29) contains no provisions for concurrent or consecutive sentences. *Cf. United States v. Apodaca*, 393 F. App'x 561, 561 (10th Cir. 2010) ("the record is devoid of any such promises"). The Clerk's sentencing minutes note that Plaintiff did not oppose concurrent sentences (Doc. 47), but the record reflects no

prior express agreement on this point between the parties. *See id.* Furthermore, the record reflects no agreement between the parties or statement by the Court regarding credit against Defendant's sentence. *See id.*; *and see United States v. Werner*, 317 F.3d 1168, 1170 (10th Cir. 2003) (noting Court's duty to examine promises and Defendant's reasonable understanding of promises). Because the plea agreement does not contain the promises or agreed terms that are alleged by Defendant, there can be no breach of such alleged promises.

Furthermore, and alternatively, as Plaintiff correctly asserts, the Attorney General, through the Bureau of Prisons, has the responsibility of administering a federal sentence, including computation of credit for pretrial incarceration. *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992). The district court in the district where Defendant is confined has jurisdiction under 28 U.S.C. § 2241 to review the computation of his sentence, after exhaustion of the BOP's administrative remedies. *See Wilson*, 503 U.S. at 335-36; *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996). Because there was no breach and the requested credit cannot be effectively granted, *see Jenkins*, 38 F.3d at 1144, the Court will deny the motion.

IT IS THEREFORE ORDERED that Defendant's Motion for Relief from a Breach of Plea Agreement (Doc. 50) filed on December 9, 2011, is DENIED; and the Clerk is directed to mail a copy of this order to Defendant at the address shown on the envelope (Doc. 50, p. 6).

_____
UNITED STATES DISTRICT JUDGE